UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JUSTIN MICHAEL EDWARDS, | ) | CASE NO. 1:22-cv-1786 |
| Plaintiff, | ) ) ) | |
| | ) | JUDGE BRIDGET MEEHAN BRENNAN |
| v. | ) ) | |
| LAKE COUNTY ADULT DETENTION FACILITY, | ) ) | **MEMORANDUM OPINION AND ORDER** |
| Defendant. | ) ) | |

## Introduction

Seeking to proceed *in forma pauperis, pro se* plaintiff Justin Michael Edwards has filed a civil rights complaint in this case pursuant to 42 U.S.C. § 1983 against the Lake County Adult Detention Facility. (Doc. No. 1.) He seeks $2 million dollars in damages on the basis that a COVID-19 test was "forced" upon him in violation of his Fourth Amendment rights. (*See id.* at 4, ¶ III.C.)

Plaintiff's application to proceed *in forma pauperis* (Doc. No. 2) is granted, and for the following reasons, his complaint is dismissed.

## Standard of Review and Discussion

Federal courts are required to screen all *in forma pauperis* complaints and dismiss them, at any time, if they are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see also Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010).

A complaint fails to state a claim upon which relief may be granted when it lacks "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."

*Id*. at 471 (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), governs dismissals for failure to state a claim under § 1915(e)(2)(B)).

Upon review, the Court finds that plaintiff's complaint must be dismissed because it fails to state a plausible claim against the defendant and is frivolous.

To state a claim under § 1983, a plaintiff must allege that he suffered a violation of a right secured by the Constitution or laws of the United States committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). But the only defendant plaintiff has named in his complaint is a state correctional facility, which is not a person subject to suit under § 1983. *See Anderson v. Morgan Cnty. Correctional Complex*, No. 15-6344, 2016 WL 9402910, at *1 (6th Cir. Sept. 21, 2016) ("A state prison is not a 'person' subject to suit under § 1983."). Accordingly, plaintiff has alleged no plausible claim against the defendant upon which he may be granted relief.

In addition, a complaint is properly dismissed as frivolous if it is "duplicative of [an] earlier action." *Peoples v. Reno*, No. 00-1086, 2000 WL 1477502, at *1 (6th Cir. Sept. 26, 2000); *see also Cummings v. Mason*, No. 1:11-cv-649, 2011 WL 2745937, at *1 (W.D. Mich. July 13, 2011) ("[A]n *in forma pauperis* complaint that merely repeats pending or previously litigated claims may be dismissed under 28 U.S.C. § 1915(e)(2)(i) as frivolous or malicious.").

Among other claims against other defendants, plaintiff has alleged a similar Fourth Amendment claim against the defendant in this case in an earlier action he filed in this district, which is currently pending before another judge. *See Edwards v. Van Akin, et al.*, No. 1: 22-cv-1666 (N.D. Ohio) (Gaughan, J.). Accordingly, this case, which alleges a claim plaintiff has already asserted against the defendant in another case, is duplicative and frivolous.

**Conclusion**

For the foregoing reasons, plaintiff's complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

*[signature]*

_____
BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE

**Date**: January 23, 2023